UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINNY SURI, | Case No.: 21-10866 |
|                   Plaintiff, | |
| v. | Laurie J. Michelson |
| | United States District Judge |
| EQUIFAX INFORMATION | |
| SERVICES, LLC, *et al.*, | Curtis Ivy, Jr. |
|                   Defendants. | United States Magistrate Judge |
| _____/ | |

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (ECF No. 67)
AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL (ECF No. 71)**

### I. PROCEDURAL HISTORY

Plaintiff Tinny Suri ("Suri") sued Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Michigan Department of Attorney General ("Attorney General"). (ECF No. 1). Plaintiff moved to compel deposition witnesses from Defendant Trans Union (ECF No. 67) and Defendant Experian (ECF No. 71). Plaintiff also moved to seal ECF No. 71 (ECF No. 72) and his response to Experian's response to ECF No. 71 (ECF No. 83). The motions were referred to the undersigned. (ECF No. 77).

The parties appeared for a virtual motion hearing. Counsel for Plaintiff, Trans Union, and Experian argued on Plaintiff's motions to compel. (ECF Nos.

67, 71). Plaintiff and counsel for Experian agreed that Plaintiff's motions to seal were unnecessary, as depositions Plaintiff sought to protect were filed unredacted for the record. Plaintiff's motions to seal were denied as moot. (ECF No. 91). The undersigned ordered further briefing from Plaintiff on the relevance of the requested discovery. (ECF No. 90). Plaintiff filed supplemental briefings (ECF Nos. 92, 93), to which Trans Union (ECF No. 94) and Experian responded (ECF No. 95). This matter is now fully briefed.

II. BACKGROUND

Plaintiff alleges violations of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681o and 28 U.S.C. § 1331,1337. (ECF No. 1, PageID.1). Plaintiff's wife Debra Suri ("Mrs. Suri") opened an open-ended credit account in 2015 with Wells Fargo as primary obligor and Plaintiff as secondary. (*Id*. at PageID.3). Plaintiff alleges they made regular payments on that account through 2018. In April 2018, Mrs. Suri filed for Chapter 7 bankruptcy. As part of a reaffirmation agreement with Wells Fargo, Plaintiff, and Mrs. Suri agreed the account would be paid in full and excluded from bankruptcy proceedings. (*Id*.). Plaintiff alleges he and Mrs. Suri paid off the account in full. Though they continued to make payments, Plaintiff alleges Wells Fargo made false credit reports to Experian, Equifax, and Trans Union. (*Id*. at PageID.4). As a result, among other things, Mrs. Suri's credit score dropped. Wells Fargo refused to correct the report.

2

Plaintiff disputed the report with Equifax, Experian, and Trans Union. After Wells Fargo verified the report with the agencies, the report remained. (*Id.* at PageID.6-10). Plaintiff alleges that Defendants violated their duties under the FCRA. Plaintiff requests a trial by jury. Plaintiff demands actual damages for emotional distress, humiliation, frustration, and embarrassment. He also demands statutory and punitive damages, costs, and attorney fees, and any other relief the court finds just. (*Id.* at PageID.10-11).

In his first Motion to Compel (ECF No. 67), Plaintiff argues Trans Union presented a witness for a November 23, 2021 deposition who was unprepared to testify about the "Designated Topics."[1] Trans Union did not move for a protective order before discovery closed, so Defendant's objections are moot. Thus, Plaintiff asserts Trans Union must present a 30(b)(6) witness prepared to testify about the Designated Topics and grant Plaintiff all other just and proper relief. (ECF No. 67, PageID.760-62). Plaintiff also wanted 30(b)(1) witnesses. (*Id*. at PageID.762-64). That said, neither party mentioned the request for 30(b)(1) witnesses in the statement of unresolved issues (ECF No. 87), during the motion hearing, or in further supplemental briefings (ECF Nos. 93, 94). So, the dispute appears resolved.

---

[1] Detailed in the deposition notice for November 23, 2021. (ECF No. 67-1).

In his second Motion to Compel, Plaintiff argues Experian's 30(b)(6) witness was unprepared to testify about the noticed Topics during her December 22, 2021 Deposition. (ECF No. 71, PageID.823-24). Though Experian objected to the initial notice, they never moved for protective order. Thus, Experian must produce a 30(b)(6) witness prepared to testify about the Designated Topics and grant Plaintiff any other proper relief. (*Id.* at PageID.833).

In his first supplemental brief, Plaintiff argues the Designated Topics are relevant to Trans Union's notice of the account dispute, establishing damages, willfulness, and punitive damages. (ECF No. 93). In response, Trans Union argues the Designated Topics are irrelevant because Plaintiff's dispute is really with Wells Fargo and there is no evidence Plaintiff was denied credit due to Trans Union's credit scoring. (ECF No. 94).

In his second supplemental brief, Plaintiff argues the Designated Topics are relevant to the accuracy of Experian's investigations of disputes, notice, willfulness, and punitive damages. (ECF No. 92). In response, Experian argues they already offered adequate testimony and discovery for punitive damages is irrelevant now. (ECF No. 95).

    **III.    ANALYSIS**

        **A. Legal Standards**

            1. Motion to Compel

Rule 37(a) allows for an Order Compelling Discovery upon motion from the party seeking discovery. Fed. R. Civ. P. 37(a). The motion must include certification that the movant has in good faith conferred or tried to confer with the person or party failing to make disclosure or discovery to obtain it without court action. Fed. R. Civ. P. 37(a)(1). A party may compel response from a party under Rule 30, or from a corporation that fails to make appropriate designation under Rule 30(b)(6) or 31(a)(4). Fed. R. Civ. P. 37(a)(3). Local Rule 37.1 applies Local Rule 7.1 to discovery motions. Local Rule 7.1 requires the movant to explain "the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a)(2)(A).

    2. Rule 30(b)(6) Deposition

Rule 30(b)(6) governs the procedure for taking a corporation's deposition. Under Rule 30(b)(6), a party may depose a corporation or organization by issuing a notice or subpoena that "describe[s] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "Obviously it is not literally possible to take the deposition of a corporation; instead, when a corporation is involved, the information sought must be obtained from natural persons who can speak for the corporation." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2103, at 451 (3d ed. 2010).

Rule 30(b)(6) requires a corporation to designate a person who can testify about information *known or reasonably available* to the corporation. Although the designated person need not know about the facts to which he testifies, he must be prepared by the corporation so that he can adequately testify about the corporation's position. *See FDIC v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986) (stating that a corporation must make a good-faith effort to designate persons knowing about the matter sought and to prepare those persons), *aff'd by* 116 F.R.D. 203 (E.D. Tenn. 1987). Rule 30(b)(6) does not require "absolute perfection in preparation," but the corporation "'must make a conscientious good faith endeavor to designate the persons having knowledge of the matters sought by the requesting party and to prepare those persons in order that they can answer fully, completely, and unevasively, the questions posed . . . as to the relevant subject matters.'" *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D. Md. 2005) (citations omitted). To put forth a good-faith effort, the party must attempt to "collect information, review documents, and interview employees with personal knowledge." *Id.*; *see also Georgia-Pac. Consumer Prod., LP. v. NCR Corp.*, 2015 WL 11236844, at *2 (W.D. Mich. Feb. 23, 2015) ("A 30(b)(6) witness is testifying as to the collective knowledge and information known or reasonably available to the corporation, and in preparation may be required to gather documents, interview

witnesses and become familiar with each topic to which he will be called upon to testify.").

"If a Rule 30(b)(6) deponent is unprepared to answer questions regarding the topics in the deposition notice, it is as if the witness failed to appear for the deposition at all, and sanctions may be appropriate under Fed. R. Civ. P 37(d)."[2] *Parrottino v. Bankers Life & Cas. Co.*, 2014 WL 1516195, at *8 (E.D. Mich. Apr. 17, 2014); *see also Newfrey LLC v. Burnex Corp.*, 2009 WL 3698548, at *2 (E.D. Mich. Nov. 5, 2009) (citing *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir.1993)). Failure to appear is not excused if the respondent objects, unless the "party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

Late filed motions for protective order may waive respondent's objections to 30(b)(6) notice. *U.S., ex rel. Fry v. Health All. of Greater Cincinnati*, 2009 WL 5227661, at *2 (S.D. Ohio Nov. 20, 2009) ("It 'is not proper practice [ ] to refuse to comply with the [Rule 30(b)(6) ] notice, put the burden on the party noticing the deposition to file a motion to compel, and then seek to justify non-compliance in

---

[2] "(A)Motion; Ground for Sanctions. The Court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d).

opposition to the motion to compel.'") (citations omitted). That said, failure to properly object need not mean the discovery must be disclosed. The requested discovery must still be relevant, and the court may "'examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable.'" *Firneno v. Nationwide Mktg. Servs., Inc.*, 2016 WL 11582360, at *1 (E.D. Mich. Mar. 24, 2016) (quoting *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).

Relevant evidence is evidence that makes the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. For 15 U.S.C. § 1681i claims, a plaintiff must prove the credit reporting agency had notice of the disputed accuracy on his account. After notice, the agency failed to conduct a reasonable reinvestigation. Following reinvestigation, the agency failed to adjust the record by confirming the report or deleting inaccuracies from plaintiff's file which caused plaintiff harm. *Turner v. Experian Info. Sols., Inc.*, 2018 WL 3648282, at *2 (6th Cir. Mar. 1, 2018). It is unclear whether a plaintiff must prove the credit report was inaccurate for §1681i liability, but this Circuit has noted that "damages would be almost impossible to prove without [proving inaccuracy]." *Salei v. Am. Exp.*

*Travel Related Servs. Co.*, 134 F.3d 372 (6th Cir. 1997) (table). Plaintiffs can establish actual damages through proving the inaccurate entry was a "'substantial factor'" in denial of credit. *Roberts v. Trans Union LLC*, 2007 WL 1308682, at *8 (E.D. Mich. May 3, 2007) (citing *Garrett v. Trans Union, L.L.C.*, 2006 WL 2850499, at *10 (S.D. Ohio Sept. 29, 2006)). Plaintiffs can prove actual damages by explaining in sufficient detail the emotional distress and humiliation he suffered knowing defendant distributed an inaccurate credit report to a third party. *Roberts*, 2007 WL 1308682, at *8.

To willfully violate § 1681, the noncompliance must have "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Smith v. LexisNexis Screening Sols., Inc.*, 837 F.3d 604, 610 (6th Cir. 2016) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 49 (2007)). To prove a willful violation, a plaintiff must provide more evidence than their dispute alone. *Smith*, 837 F.3d at 610-11. In examining a willful violation, courts can also consider the agency's efforts to combat inaccuracies and dispute rates. *Id.*

### B. Discussion

#### 1. Motion to Compel 30(b)(6) Deposition from Defendant Trans Union (ECF No. 67)

Plaintiff contends Trans Union failed to produce a witness prepared to testify about account disputes and credit reporting accuracy. Since Trans Union did not move for a protective order, they waived their objections and must present a

prepared witness on these topics. (ECF No. 67). Trans Union claims parties did not confer, and their witness already testified on unobjectionable topics. (ECF No. 76). Plaintiff responds Parties conferred and Trans Union waived any objection to the deposition because they failed to file a timely protective order. (ECF No. 80). Plaintiff claims Topic a of the Designated Topics is relevant to damages and Topics b through h are relevant to notice, willful disregard, and the constitutionality of a potential punitive damage award. (ECF No. 93). Trans Union finds the Topics irrelevant because Plaintiff's dispute is with Wells Fargo and he has no proof he was denied credit due to Trans Union's credit scoring. (ECF No. 94).

The Parties did meet and confer as required by Fed. R. Civ. P 37(a) and E.D. Mich. LR 7.1. In emails, the Parties discuss Plaintiff's desire for additional testimony and had a telephone conference on December 8, 2021. (ECF No. 67-4, PageID.800). On December 31, 2021 Plaintiff's counsel clarified he wanted to "question [defendant's] 30(b)(6) [witness] on the willfulness related topics and to depose one of the current . . . Metro 2 Task Force reps. Would you agree to any of that?" (*Id*. at PageID.799). Defendant confirmed Trans Union's refusal to sit for another deposition. (*Id.* at PageID.797). Plaintiff then notified Defendant he would file this motion, asked if they properly met and conferred, and offered more discussion if necessary. (*Id.* at PageID.796). Defendant replied: "I think we can

say that we met and conferred." (*Id.* at PageID.795). Defendant later objected to Plaintiff's motion, because the parties did not meet and confer about the Designated Topics. Plaintiff's counsel reminded Defendant they conferred through email. (*Id.* at PageID.794-95).

The Parties' email exchange satisfies the requirements of both Fed. R. Civ. P. 37 and Local Rule 7.1. The email exchange is detailed and addresses Plaintiff's issues with the depositions. While the emails may not necessarily comply with the formality required in Local Rule 7.1, it is clear the parties did meaningfully confer to resolve the issue. Plaintiff did not violate Local Rule 7.1. *See Int'l IP Holdings, LLC v. Green Planet, Inc.*, 2017 WL 282044, at *3 (E.D. Mich. Jan. 23, 2017) (detailed back-and-forth email exchange between counsel trying to resolve discovery dispute complied with Local Rule 7.1). This email exchange also satisfies the requirements of Fed. R. Civ. P. 37 (a), as Plaintiff references the Parties' conference and attached their resulting email exchange to his motion. *Id.*; *see also Westley v. CCK Pizza Co.*, LLC, 2019 WL 3801624, at *2 (E.D. Mich. Aug. 13, 2019); *William Beaumont Hosp. v. Medtronic, Inc.*, 2010 WL 2534207, at *5 (E.D. Mich. June 18, 2010) (email exchange between parties fulfilled the good-faith requirement of Rule 37 and Loc. Rule 37.1); *Atifah v. Union Sec. Ins. Co.*, 2008 WL 2714459, at *1 (E.D. Mich. July 8, 2008); *Dixon v. Ford Motor Co.*, 2018 WL 7048327, at *1 (E.D. Mich. June 5, 2018).

Parties who fail to prepare 30(b)(6) deponents may be sanctioned for failure to appear unless they move for a protective order. *Parrottino v. Bankers Life & Cas. Co.*, 2014 WL 1516195, at *8; Fed. R. Civ. P. 37(d)(2). That said, the moving party is not entitled to the testimony if it would be cumulative, duplicative, unreasonably burdensome, and disproportionate to the needs of the case. *Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 121 (E.D. Mich. 2019); Fed. R. Civ. P. 26(b)(1). The testimony must be nonprivileged and relevant to any party's claim or defense. *Edwards*, 331 F.R.D. at 121 (citing Fed. R. Civ. P. 26(b)(1)).

Topic a is relevant to damages. In Topic a, Plaintiff asks Trans Union to testify to the effect of the disputed information on his credit score over the preceding five years. (ECF No. 67-1, PageID.767). This information could help Plaintiff prove whether the alleged inaccuracy lowered his credit score. If it did, the lower score could be a "substantial factor" precluding him from credit which could show actual damages. *Roberts*, 2007 WL 1308682, at *8. When asked this question during the deposition, Trans Union objected because they "served objections to these responses" and the witness lacked access to the credit information. (ECF No. 67-3, PageID.784-85). Since this information is relevant to Plaintiff's claim and Trans Union failed to move for the necessary protective order, Trans Union must prepare a witness to testify to Topic a.

Topics b through h are relevant to both Plaintiff's willful §1681i claim and Trans Union's defense against it. In Topics b through f, Plaintiff asks Trans Union to testify to dispute rates, correction rates, and audits of the accuracy of their reporting and data furnishing reporting in the preceding three years. (ECF No. 67-1, PageID.767-79). High dispute and correction rates, or audits of credit report accuracy may prove whether Trans Union knew or should have known about problems with their credit reporting or Wells Fargo's reporting, which could prove willful violation of §1681i. *Smith*, 837 F.3d at 610-11. This information could also help Trans Union defend against a claim of willful violation. Low dispute and correction rates, and self-imposed audits of credit reporting could prove Trans Union did not willfully violate §1681i, because there is evidence of Trans Union's efforts to combat inaccuracies. *Id.* (Plaintiff failed to prove willful violation of §1681 when court considered low dispute rate and LexisNexis's procedures in place to combat inaccuracies). Topics g and h ask if Trans Union corrected information in other reports. Plaintiff cannot make a willful claim with just a single inaccuracy; evidence of more disputes and inaccuracies can show willfulness. *Id.* Trans Union's designated witness did not fully testify on Topics b through h, as Trans Union objected to them as irrelevant, so the witness was unprepared to answer the questions. (ECF No. 67-3, PageID.785-90; ECF No. 76, PageID.1076-79). Since testimony on the Topics is relevant, and Trans Union

13

failed to move for the necessary protective order, Trans Union must prepare a witness to testify to Topics b through h.

### 2. Motion to Compel 30(b)(6) Deposition from Defendant Experian (ECF No. 71)

Plaintiff contends Experian failed to produce a witness prepared to testify on the Designated Topics. (ECF No. 71). Defendant argues parties did not properly confer under Judge Michelson's Case Management Order (ECF No. 30), and Experian's witness already testified on the relevant Topics. (ECF No. 79). Plaintiff replies the parties properly conferred, Plaintiff's motion was timely, and Defendant waived relevance objections when they failed to move for a protective order. (ECF No. 82). Plaintiff argues Topics a, g, m, p, and v ("Notice Topics") relate to whether Experian had notice of his dispute and whether they disregarded it as "frivolous" or "suspicious." Topics c, d, f, u, x, y, cc, dd, and ee ("Accuracy Topics") are relevant to the accuracy of Experian's report, specifically how they decide an account is charged off. Topics i, o, q, r, s, and t ("Dispute Metrics Topics") relate to dispute metrics and Topic ii seeks financial information relevant to confirm the constitutionality of a punitive damage award from Experian. (ECF No. 92). Experian contends they fully testified about notice of the dispute, how they reported Plaintiff's account as charged off, and dispute metrics. Also, Experian's financial information is irrelevant to liability, as the Court already noted in denying a previous discovery request. (ECF No. 95).

The Case Management Order requires parties to meet and confer, then hold a telephone conference with the Court, before referring a discovery dispute to the Magistrate Judge. (ECF No. 30, PageID.236-37). While there is no record of a telephonic conference with Judge Michelson, parties did meet and confer. Counsel discussed Plaintiff's desire for additional 30(b)(6) testimony via email and had a telephone conference on January 5, 2022. (ECF No. 82-2, PageID.1440-46). Since Judge Michelson did refer this discovery dispute, the Court may have been satisfied without conference between the parties and the Court. Plaintiff failed to attach a complete transcript as required by the Case Management Order. That said, failure to comply with the Order may only result in an award of "costs and reasonable attorney's fees" against the non-complying party. (ECF No. 30, PageID.237). So, Plaintiff's non-compliance is not dispositive for this motion.

Some of the Notice Topics are relevant to Plaintiff's claim because Plaintiff must show Experian had notice of his dispute to make a §1681i claim against Experian. *Turner*, 2018 WL 3648282, at *2. That said, Experian testified fully on many Topics. Topics a, g, and m, which ask if Experian received his dispute, who received it if they did, and if Experian audits "frivolous" or "suspicious" disputes, were fully answered by Experian's witness. Experian explained they did not receive Plaintiff's dispute, so no one signed for it. They also explained that "frivolous" disputes are reviewed during reinvestigation. (ECF No. 79-2,

PageID.1201-02). Topic p, whether Experian audits the number of disputes allegedly lost, does not make whether Experian had notice of Plaintiff's specific dispute more likely, since Experian already explained they did not receive his dispute. Topic v, compensation and training of mailroom staff, is irrelevant to whether Experian had notice of Plaintiff's dispute because revealing staff training or compensation will not reveal if Experian received Plaintiff's dispute. Plaintiff is not entitled to further testimony on the Notice Topics.

    The Accuracy Topics are relevant to Plaintiff's claim because the accuracy of Experian's reporting is essential to proving damages. *Salei*, 134 F.3d at 372. That said, Experian fully testified to most of the Accuracy Topics. Experian answered topics c, d, f, cc, dd, and ee by explaining that it derives the reporting of accounts directly from data furnishers like Wells Fargo. (ECF No. 79-2, PageID.1177-81). Topics x and y concern the conclusion of internal Experian legal memos and analysis which are privileged. Plaintiff is only entitled to nonprivileged relevant discovery, so he cannot compel this testimony. Fed. R. Civ. P. 26(b)(1). Experian failed to fully answer Topic u, which asks about procedures for auditing data furnishers like Wells Fargo. Experian's witness explained that they audit Wells Fargo for accuracy but was unprepared to describe how Experian conducts these audits. (*Id.* at PageID.1206). Since Topic u is relevant to accuracy, Plaintiff is entitled to further testimony on this topic.

The Dispute Metric Topics are relevant to both Plaintiff's willful § 1681i claim and Experian's defense against it. High dispute and correction rates, or audits of credit report accuracy may prove whether Experian should have known about problems with their credit reporting, which could prove willful violation of § 1681i. *Smith*, 837 F.3d at 610-11. This information could also help Experian defend against a claim of willful violation, as the opposite could prove Experian did not willfully violate § 1681i because it worked to combat inaccuracy. *Id.* That said, Experian does not keep records on the number of disputes it receives. (ECF No.79, PageID.1140; ECF No. 95, PageID.1547). So further testimony from Experian on this topic is unnecessary.

Experian's revenue and income statements are irrelevant right now. As the Court stated on the record, during the liability stage, assessing the financial feasibility of the punitive damage award is premature. (ECF No. 64). So Plaintiff is not entitled to further testimony on Experian's finances now.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel Trans Union (ECF No. 67) is **GRANTED** and Plaintiff's motion to compel Experian (ECF No. 71) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.


Date: May 9, 2022                                   s/Curtis Ivy, Jr.
                                                    Curtis Ivy, Jr.
                                                    United States Magistrate Judge