UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TINNY SURI,<br><br>    Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>TRANS UNION, LLC,<br>WELLS FARGO BANK, NA, and<br>MICHIGAN DEPARTMENT OF ATTORNEY GENERAL,<br><br>    Defendants. | Case No.  21-10866<br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER
SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER [98]**

Tinny Suri alleges, among other things, that Wells Fargo Bank reported inaccurate bank account information to Experian Information Solutions and that when he asked Experian to investigate, he never received a response. So he sued.

This case has involved significant discovery. Suri deposed Experian's corporate witness but believes that she did not provide sufficient answers to some of the deposition topics. So Suri moved to compel additional testimony. That motion was referred to Magistrate Judge Curtis Ivy, Jr., who largely denied Suri's motion. Suri now objects to that ruling. As explained below, the Court will sustain in part Suri's objections and permit him to take a short, follow-up deposition.

## I.

In June 2015, Debra Suri, Tinny Suri's wife, bought a gutter-protection system. (ECF No. 1, PageID.3.) To finance the system, the couple borrowed money from Wells Fargo Bank. (*Id.*)

The Suris made timely payments to Wells Fargo until 2018, when Debra filed for Chapter 7 bankruptcy. (ECF No. 1, PageID.3.) As part of the bankruptcy, Wells Fargo and the Suris entered into a "reaffirmation agreement"; "[Wells Fargo] agreed with [the Suris] that the account would be paid in full and would be excluded from the bankruptcy." (*Id.*) After the reaffirmation agreement was in effect, the Suris continued to make payments to Wells Fargo "and completed the payments owed and paid off the account in full." (ECF No. 1, PageID.4.)

Even so, Wells Fargo made reports to Experian (and other credit reporting agencies) indicating that the pay status of the account was "charged off." (ECF No. 1, PageID.4.) Tinny challenges that designation. He alleges it indicates that "the account is no longer recoverable because the consumer has stopped paying." (ECF No. 1, PageID.5.) According to the Suris, the information supplied by Wells Fargo to Experian (and like agencies) was not only false, it caused Tinny's credit score to drop from 780 to 670. (ECF No. 1, PageID.6.)

Although Tinny blames Wells Fargo, he also blames Experian. Tinny says that in January 2021, he noticed that his Experian consumer file contained inaccurate information relating to the Wells Fargo account. (ECF No. 1, PageID.9.) So he asked Experian to investigate. But, says Tinny, Experian never gave him a response. (*Id.*)

2

A few months later, Tinny (who the Court will now refer to as "Suri") filed this lawsuit against Wells Fargo, Experian, and others. (ECF No. 1.) As of the suit's filing, Suri's Experian report still showed the Wells Fargo account as "charged off." (*Id.* at PageID.9.)

To build his case, Suri has sought copious discovery from Defendants. For instance, in noticing Experian's Rule 30(b)(6) witness for deposition, Suri expected Experian's representative to be knowledgeable about 35 topics. (*See* ECF No. 71-2.) Given the limited issues in this case it is hard to fathom how such a request could satisfy the proportionality requirements of Rule 26. But three of those topics are now relevant:

> Topic x: "The conclusions and content of any document, memoranda or legal analysis performed by you concerning whether it is appropriate to report an account as charged off following the filing of a Chapter 7 Bankruptcy."
>
> Topic y: "Whether you report all joint, revolving accounts that are included in the bankruptcy of a spouse in a similar fashion. Specifically, whether the filing of a bankruptcy by a joint account holder requires the reporting of that account as charged off, and if so the documentary support for that conclusion."
>
> Topic ii: "Your financial information for the last 5 years, including your revenue, assets and profits."

(ECF No. 71-2, PageID.842–843.)

Suri took the deposition of Experian's 30(b)(6) witness and was not satisfied with her responses. Thus, following the deposition and a meet-and-confer, Suri filed a motion to compel Experian to produce a responsive 30(b)(6) witness. (ECF No. 71.) There, Suri claimed that Experian's 30(b)(6) witness was "unprepared" to answer or

"refused to provide a responsive answer" to the majority of the 35 noticed topics. (ECF No. 71, PageID.824–26.) These included Topics x, y, and ii (quoted above). (*See id.*)

In responding to Suri's motion to compel, Experian asserted that Topic x requested information protected by privilege. (ECF No. 79, PageID.1134.) As for Topic y, which asked about how Experian generally designated joint accounts where one of the account holders files for bankruptcy, Experian argued that it had testified that Suris' Wells Fargo account was listed as "charged off" because Wells Fargo reported it to Experian that way. (ECF No. 79, PageID.1136.) Thus, in Experian's view, the Suris' account was not listed as charged off because of "an automated policy related to how Experian handles consumer bankruptcies." (*Id.*)

The Court referred Suri's motion to compel to Magistrate Judge Ivy. He held a hearing and then ordered supplemental briefs. (ECF Nos. 89, 90.) Magistrate Judge Ivy found that "Topics x and y concern the conclusion of internal Experian legal memos and analysis which are privileged. Plaintiff is only entitled to nonprivileged relevant discovery, so he cannot compel this testimony. Fed. R. Civ. P. 26(b)(1)." *Suri v. Equifax Info. Servs., LLC*, No. 21-10866, 2022 WL 1460328, at *6 (E.D. Mich. May 9, 2022). As for Topic ii, he ruled, "Experian's revenue and income statements are irrelevant right now. As the Court stated on the record, during the liability stage, assessing the financial feasibility of the punitive damage award is premature." *Id.* But Magistrate Judge Ivy did permit Suri a follow-up deposition on one of his designated topics, Topic u.

4

Suri now objects. (ECF No. 98.) In particular, he claims that the Magistrate Judge erred in denying his motion to compel testimony (or documents) responsive to Topics x, y, and ii. (*See* ECF No. 98, PageID.1582–1583.)

## II.

When, as here, a magistrate judge rules on a non-dispositive matter, objections function like an appeal. In particular, the district judge reverses only if the magistrate judge's factual findings were "clearly erroneous" or his legal determinations were "contrary to law." *See* Fed. R. Civ. P. 72. "A [factual] finding is 'clearly erroneous' when although there is evidence to support it," the reviewing court, taking the record as whole, "is left with the definite and firm conviction that a mistake has been committed." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks omitted). And "[a]n order is 'contrary to the law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks omitted).

## III.

### A.

The Court begins with Topic x.

As a recap, Topic x asks for Experian's documents or "legal analysis" on "whether it is appropriate to report an account as charged off following the filing of a Chapter 7 Bankruptcy." As noted, the Magistrate Judge found that this request sought documents that were protected by privilege.

In Suri's view, this was error for several reasons.

For one, Suri argues that Experian waived any privilege by raising the affirmative defense that it complied with "all applicable statutory, regulatory, and common law requirements." (ECF No. 26, PageID.197.) According to Suri, this defense is similar to an "advice of counsel" defense, and when defendants raise that defense, they waive attorney-client privilege. (ECF No. 98, PageID.1592.)

The Court declines to address this argument. One main purpose of referring a motion to a magistrate judge is judicial efficiency. And it is not efficient when a party presents an argument to the district judge that he did not present to the magistrate judge. *See e.g., George v. Whitmer*, No. 20-12579, 2021 WL 1976314, at *3 (E.D. Mich. May 18, 2021). That is just the case here: the Court has reviewed Suri's motion to compel, his reply in support of that motion, the parties' joint statement of unresolved issues, and Suri's supplemental brief. In none of those filings did he argue that Experian's affirmative defense waived the attorney-client or work-product privileges.

Suri makes another waiver argument. In his briefing before the Magistrate Judge, Suri argued that when he sent his Rule 30(b)(6) notice that included Topic x, Experian responded with written objections. (ECF No. 71, PageID.831–832; *see also* ECF No. 82, PageID.1431.) But, according to Suri, the case law provides that objections are not the proper procedure; instead, Experian should have sought a protective order from the Court. And, says Suri, the case law further provides that the failure to seek a protective order amounts to waiver of any objections to the deposition topics. (*See id.*) In his objections to the Magistrate Judge's ruling, Suri says

6

that the Magistrate Judge "failed to address this [waiver] argument in any way." (ECF No. 98, PageID.1591.)

Suri is correct that in addressing his motion to compel directed at Experian, the Magistrate Judge did not *expressly* discuss the impact of Experian's failure to seek a protective order prior to the deposition.

But the Magistrate Judge implicitly held that Experian did not waive its privilege objection to Topic x. The Magistrate Judge was well aware of the law Suri relies on. He stated that if a Rule 30(b)(6) witness is not prepared for the deposition, it is as if the witness did not appear at all; he further stated that a failure to appear is not excused by objections absent a motion for protective order. *Suri*, 2022 WL 1460328, at *3. And, in addressing Suri's motion to compel directed to Trans Union (Experian's co-defendant), the Magistrate Judge stated, "Parties who fail to prepare 30(b)(6) deponents may be sanctioned for failure to appear unless they move for a protective order." *Id.* at *5. But the Magistrate Judge indicated that the waiver rule was not absolute: "That said, the moving party is not entitled to the testimony if it would be cumulative, duplicative, unreasonably burdensome, and disproportionate to the needs of the case. The testimony must be nonprivileged and relevant to any party's claim or defense." *Id.* (internal citations omitted). The Magistrate Judge also indicated that in deciding whether a tardy request for a protective order results in waiver, a court is entitled to consider a number of factors "to determine whether enforcement of the waiver is equitable." *Id.* at *3. Thus, by refusing to compel testimony or documents responsive to Topic x on the grounds of privilege, the

7

Magistrate Judge implicitly found that Experian had not waived its privilege objection by failing to seek a protective order.

This Court cannot say that implicit ruling was contrary to law. Although not specifically addressing the failure to seek a protective order in response to a deposition notice, courts have found that discovery objections are not always waived when they are not properly raised. For instance, the Magistrate Judge cited *Firneno v. Nationwide Marketing Services, Inc.*, where the court stated, "The waiver of objections, however, does not necessarily mean that the discovery must be disclosed. Under Civil Rule 26, the discovery must still be relevant to the subject matter in the action, and the Court may 'examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine whether enforcement of the waiver is equitable.'" No. 14-CV-10104, 2016 WL 11582360, at *1 (E.D. Mich. Mar. 24, 2016) (quoting *Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)).

Nor can this Court say that the Magistrate Judge's implicit finding that Experian had not waived its privilege objection to Topic x was, on the facts of this case, clearly erroneous. Even if Experian should have sought a protective order before the deposition, it at least notified Suri of its privilege objection prior to the deposition. (ECF No. 71-3, PageID.853.) And in responding to Suri's post-deposition motion to compel, Experian again asserted the privilege. (ECF No. 79, PageID.1134.) Ultimately, the issue came before a judge, who ruled that Topic x sought privileged

information. Nothing suggests that had Experian instead sought a protective order before the deposition, the Magistrate Judge's ruling would have been any different.

Suri also objects to the Magistrate Judge's finding that Topic x sought privileged information because, in Suri's view, Experian had not done enough to raise the privilege shield. According to Suri, "Experian had provided no privilege log, declaration, or other documentation from which the Court could identify the privileged materials, whether the privilege was properly asserted, or whether it had been waived prior to the commencement of this case." (ECF No. 98, PageID.1590.) Suri even points out that Experian has never even made clear whether it is asserting the attorney-client privilege or the work-product privilege, which "present very different standards for their assertion and waiver." (ECF No. 98, PageID.1591.)

These are fair points—to an extent. Because Topic x seeks documents, Experian should provide a privilege log if there are responsive documents. And Experian should fulfill any other procedural requirements to perfect the privilege. Below, the Court will order Experian to do so. And if Experian does not comply, then the Court will reconsider whether Experian is allowed to assert privilege. All that said, in the parties' joint statement of unresolved issues, Experian did indicate to Suri that it thought the information in Topic x was protected by both attorney-client and work-product privileges. (ECF No. 88, PageID.1483.) And, arguably, further elaboration was not required by Experian. In part, Topic x requests Experian's "legal analysis" on whether it is "appropriate" to report an account as "charged off" after the

9

account holder files for bankruptcy. Thus, in drafting Topic x, Suri should have known that he was requesting at least some potentially privileged information.

As another objection, Suri faults the Magistrate Judge's explanation. According to him, the Magistrate Judge "provid[ed] no substantive analysis of the privilege and whether it had properly been preserved." (ECF No. 98, PageID.1589.) And, says Suri, the Magistrate Judge failed to identify which privilege (attorney client or work product) shielded the information requested in Topic x. (*Id.*)

This Court does not review a magistrate judge's order as if it were grading an essay. And, as explained, the Magistrate Judge implicitly found that Experian had not waived its privilege objection to Topic x. Further, as explained, Experian will be required to complete any procedural requirements for raising the privilege. Thus, the Court perceives no prejudice to Suri from any deficiency in the Magistrate Judge's explanation.

Suri's last objection to the Magistrate Judge's ruling on Topic x is his strongest. He argues, "Notwithstanding the Magistrate's order, the materials sought in Topic x—while they implicate legal analysis—are facially documents concerning business processes and how Experian will report certain accounts as a matter of practice and policy." (ECF No. 98, PageID.1589.)

To the extent that by noticing Topic x, Suri sought information about Experian's business practices, the Court agrees with Suri that privilege would not shield that information. In other words, to the extent that Topic x seeks information about the steps that lead Experian to designate an account as "charged off" when the

10

account holder has filed for bankruptcy, those steps—as opposed to the legality of those steps or the legality of the ultimate designation—would not require Experian to divulge counsel's advice. Accordingly, to this limited extent, the Court will sustain Suri's objection. The Court believes that additional testimony or production will come at little prejudice to Experian, as the Magistrate Judge already ruled that Suri can ask Experian's 30(b)(6) witness further questions on Topic u. (*See* ECF No. 97, PageID.1579.)

One final note. The Court is aware that it is Experian's position that its credit report simply reflects what Wells Fargo supplied it. In other words, Experian's position seems to be that if Wells Fargo reported the account as "charged off," then Experian designated it as "charged off." (*See* ECF No. 79, PageID.1136; ECF No. 88, PageID.1483 ("There is no dispute that Experian's records of the relevant account are derived completely from Wells Fargo's data, and Experian testified to this fact.").) If that is Experian's process for designating an account as "charged off" when the account holder has filed for bankruptcy, then its 30(b)(6) witness can make that point clear when she is re-deposed.

## B.

With that, the Court turns to Topic y.

To recap, Topic y asked Experian's 30(b)(6) witness to be prepared to testify about whether, as a general matter, "the filing of a bankruptcy by a joint account holder requires the reporting of that account as charged off" and, if so, any

11

documentary support for that conclusion. (ECF No. 71-2, PageID.842.) In other words, Topic y was, essentially, a generalized version of Topic x.

Given that Topic y was similar to Topic x, the Magistrate Judge naturally found that the information sought in Topic y was also shielded by privilege.

Suri objects to that determination. He asserts that "Experian did not even assert any privilege in its objection to this topic." (ECF No. 98, PageID.1593.) He also claims that Topic y "did not seek any form of privileged material, but rather only asked Experian to produce a witness to explain whether it reports other accounts with similar facts in a similar fashion." (*Id.*)

The Court will sustain this objection in part. Suri is correct that, initially at least, Experian did not object to Topic y on the grounds of privilege. And, as just explained in addressing Topic x, to the extent Topic y merely requests Experian's process for designating a joint account as "charged off" when one of the account holders has filed for bankruptcy—as opposed to the legality of those steps or that designation—the information is not privileged. Accordingly, as set out below, the Court will permit Suri to ask Experian's Rule 30(b)(6) witness questions relating to how Experian, as a general matter, decides to designate a joint account as "charged off" when one of the account's holders has filed for bankruptcy.

In responding to Suri's objection, Experian points out that Suri waived any complaint about Topic y because Suri did not ask Topic y questions at the 30(b)(6) deposition and did not raise Topic y in the parties' joint statement of unresolved issues. (ECF No. 99, PageID.1610–1611.)

The Court agrees with Experian that Topic y perhaps was lost in the shuffle. Still, Topic x was consistently raised by Suri, and Topic y is closely related. And, again, the Court sees little prejudice to Experian in permitting Suri to ask a few questions relating to Topic y given that the witness will be offering additional testimony on Topic u.

## C.

That leaves Topic ii. That Topic asked for Experian's "financial information for the last 5 years," including the company's "revenue, assets and profits." (ECF No. 71-2, PageID.843.)

The Magistrate Judge ruled that Suri was not entitled to discovery on this topic "right now." *Suri*, 2022 WL 1460328, at *6. In his view, "during the liability stage, assessing the financial feasibility of the punitive damage award is premature." *Id.*

Suri objects to this ruling. He cites several cases stating that a plaintiff need not make a prima facie showing that he is entitled to punitive damages to obtain discovery on a defendant's financial condition. (ECF No. 98, PageID.1586–1587.) He also cites cases stating that a defendant's financial condition is discoverable "pre-trial" or in "advance of trial." (*Id.*)

The Court will overrule this objection. The Magistrate Judge's ruling conserves the parties' resources by requiring Suri's claims to survive Experian's summary-judgment motion before the parties engage in punitive-damages discovery. And discovery at that stage of the case would still be "pre-trial," which is consistent with the law Suri cites. Accordingly, if Suri's claims against Experian survive dispositive

motion practice (or if Experian does not seek summary judgment), the Court will reconsider Suri's motion to compel testimony on Topic ii.

## IV.

For the foregoing reasons, Suri's objections to the Magistrate Judge's order are OVERRULED IN PART and SUSTAINED IN PART. Per the Magistrate Judge's order, Suri is entitled to further testimony from Experian's 30(b)(6) witness on Topic u. To the extent it is consistent with this order, Suri is entitled to further testimony on Topics x and y, and, if they exist, non-privileged documents responsive to Topics x and y. Because Suri already subjected Experian's 30(b)(6) witness to a lengthy deposition (it appears that he used all seven hours), the follow-up deposition will be limited to no more than one hour. To the extent that Experian believes any testimony or documents responsive to Topic x and y are privileged, they are to comply with the applicable Federal Rules of Civil Procedure regarding assertions of privilege.

**IT IS SO ORDERED.**

s/Laurie J. Michelson<br>
Laurie J. Michelson<br>
U.S. District Judge

Dated: July 8, 2022