UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINNY SURI,

    Plaintiff,

v.

WELLS FARGO BANK, NA,

    Defendant.

Case No. 21-10866
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

---

**OPINION AND ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO SEAL [114]**

---

Pursuant to the parties' protective order and Wells Fargo's designation of certain materials as confidential, Suri filed a motion to seal five exhibits he relies on in response to Wells Fargo's motion for summary judgment. (ECF No. 114.)

For the reasons that follow, the Court finds that TransUnion's source-data reports and most of Wells Fargo's charge-off policy meet the standard for sealing. But neither Suri nor Wells Fargo nor the credit reporting agencies have made a sufficient showing that the entirety of the depositions of Wells Fargo, TransUnion, and Experian representatives meet the standard for sealing. So the motion will be GRANTED IN PART.

**I.**

Suri has moved to seal several of the documents filed in support of the briefing on the motion for summary judgment. (ECF No. 114.) It appears that Suri filed the motion only to comply with the terms of the parties' protective order. In order to

complete the record of his summary judgment opposition, Suri seeks an order sealing Wells Fargo's charge-off policy, TransUnion's source-data reports, and the deposition testimony of the Wells Fargo, TransUnion, and Experian representatives in their entirety. For its part, Wells Fargo did not provide any response or supplemental briefing on Suri's motion to seal.

There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents may only do so by showing that "the most compelling reasons . . . justify non-disclosure of [the] judicial records." *Id.* (internal citations omitted). And if "the public interest in the litigation's subject matter" is great, then this burden only grows heavier. *Id.* Further, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

## A.

The Court finds that disclosure of Wells Fargo charge-off policies could "cause a competitive disadvantage[,]" which constitutes a compelling reason for sealing the policy. *See In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*, No. 18-

MD-02818, 2023 WL 319922, at *3 (E.D. Mich. Jan. 19, 2023) ("As this Court, and other courts in this circuit, have held, parties have a compelling interest in sealing documents that 'might harm a litigant's competitive standing' and/or 'reveal internal strategy to a party's competitors.'" (citing *McClure v. Leafe*, No. 17-13106, 2019 WL 13201174, at *1 (E.D. Mich. Aug. 20, 2019)). Because the charge-off policy outlines Wells Fargo's internal processes and procedures for responding to a variety of different circumstances, it would harm Wells Fargo's competitive standing for this sort of information to be made publicly available.

And though there is a presumption of openness, the Court finds that the public interest in seeing the policy at this point in the litigation is minimal. The public can understand the nature of the dispute and this Court's opinion on the matter without knowing the specific details of Wells Fargo's charge-off policy. *See Wiggins v. Bank of Am., N.A.*, No. 2:19-CV-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) ("[T]he public can understand the nature of the discovery dispute at issue in Plaintiff's Motion to Compel without accessing the redacted information.").

The sealing is also narrowly tailored because these policies discuss Wells Fargo's internal processes. There are no portions of the policy that do not implicate Wells Fargo's internal processes and procedures. And the majority of the policy outlines step-by-step instructions for employees to follow in a host of situations. So the Court finds that the request to seal this policy in its entirety is not overly broad.

In sum, Wells Fargo's charge-off policy (ECF No. 115-1) will be sealed.

### B.

The Court also finds that the TransUnion source-data reports meet the requirements for sealing. The source-data reports appear to include TransUnion's proprietary information and, as discussed above, could cause a competitive disadvantage with the other consumer reporting agencies.

Second, Suri and TransUnion's interest in filing under seal outweighs the public's interest in accessing the records. Here, the public's interest in the litigation pertains to the allegations that Wells Fargo was wrongfully reporting Suri's account as charged off, not to one CRA's method for gathering and organizing Suri's financial records and information. Whatever minimal interest the public may have in accessing the TransUnion source-data reports pertaining to Suri's credit account is outweighed by the compelling interest in keeping the information private, as described above. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 at 474 ("[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.").

Finally, the request is narrowly tailored since it pertains only to the source-data reports for one consumer (Suri) for a specified time period. Thus, the Court will grant Suri's request to seal the TransUnion source-data reports. (ECF No. 115-5.)

### C.

Suri's request to file the entirety of the deposition testimony of Wells Fargo, TransUnion, and Experian representatives under seal, however, fails to overcome the

4

strong presumption in favor of openness because he provides no compelling reason to seal, and even if he had, his request is not narrowly tailored.

As to the first requirement—a compelling interest in sealing the documents—Suri only contends that the depositions were designated confidential under a protective order, which "is almost the exact same argument that was squarely rejected in *Shane Group*, which criticized the parties for offering 'protective-order justifications, not sealing-order ones.'" *See Lipman v. Budish*, 974 F.3d 726, 753–54 (6th Cir. 2020). As the Sixth Circuit has explained, "there is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Group*, 825 F.3d at 305. Unlike information exchanged between the parties in discovery, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco*, 710 F.2d at 1180.

Suri's request to seal the deposition testimony also fails because it is not narrowly tailored. In *Shane Group*, the Sixth Circuit held that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Group*, 825 F.3d at 305 (citation omitted). And "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* (citation omitted).

5

Here, Suri has requested to seal the entirety of a 321-page deposition (Wells Fargo's deposition), a 236-page deposition (TransUnion's deposition), and a 235-page deposition (Experian's deposition) with no justification or detailed analysis as to why the entirety of these documents warrant secrecy. Nor does the Court see any such justification. This request to seal, therefore, is not narrowly tailored.

Thus, the Court denies the request to seal the deposition testimony in their entirety.

## II.

For the foregoing reasons, the Court GRANTS IN PART Suri's motion to seal. (ECF No. 114.) Wells Fargo's charge-off policy (ECF No. 115-1), and the TransUnion source-data reports (ECF No. 115-5) will be sealed. The deposition testimony of the Wells Fargo, TransUnion, and Experian representatives will not be sealed. (ECF Nos. 115-2, 115-3, 115-4.)

As the Court did not rely on the deposition testimony in its opinion on the motion for summary judgment, no further action is required by the parties. *See* E.D. Mich. LR 5.3(b)(3)(C)(iii)(3).

SO ORDERED.

Dated: May 3, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE